## CHARLES STARBIRD, RESPONDENT, v. SAMUEL H. BARROWS AND OTHERS, APPELLANTS.

*Contract — damages for breach of.*

In November, 1858, plaintiff, the owner of a canal boat, contracted with defendants to carry a load of potatoes from Rochester to New York, the potatoes to be delivered within three days. By reason of defendants' failure so to deliver them, the boat was stopped by the ice at Schenectady, and compelled to winter there. By the original contract, the defendants were entitled to the use of the boat in New York, through the winter, for the storage of the potatoes. After the stoppage of the boat by the ice, a further agreement was made, by which the defendants had leave to protect the cargo by covering the boat with manure and straw, upon agreeing to indemnify the plaintiff for any damage done to the boat. During the winter the water was drawn off from the canal, so that the boat settled upon an uneven bottom and was injured. It was also injured by the heating of the potatoes and by the action of the manure. This action was brought to recover damages for the delays caused by the defendants, and the injuries resulting therefrom; for damages occurring to the boat at Schenectady; and demurrage for delay in unloading the boat in New York.

[*]1 Johns., 340 ; 1 Barb., 230 ; 7 Hill, 361 ; 8 N. Y., 279, 280 ; 21 id., 247, 248, 249; 1 Lans., 158.

The judge charged the jury that the plaintiff was not entitled to recover for damages resulting from the storage of the potatoes, as that was within the original contract. The defendants insisted that the court erred in leaving the matter to the jury, as there was no method by which they could separate the two sources of damages. *Held*, that the question was properly left to the jury; that the damages arising from the use of the manure were separate and distinct from such as were caused by the heating of the potatoes; and that, though it was impossible to define exactly the limits of each source of damage, the question was properly submitted to the jury.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial upon a case and exceptions. The case has been twice before the Court of Appeals, and is reported in 38 New York, page 230.

*George F. Danforth*, for the appellants.

*H. R. Selden*, for the respondent.

Opinion by BOARDMAN, J.

MILLER, P. J., and BOCKES, J., concurred.

Judgment and order affirmed, with costs.